IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOHN DAVID LATIMER, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:13-cv-122 (CAR) |
| | : | |
| STAN SHEPARD, Warden, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner John David Latimer's 28 U.S.C. § 2254 petition seeking federal habeas corpus relief, along with his combined motion for evidentiary hearing, motion to appoint counsel, and motion for discovery as well as his motion for copies of court documents. Docs. 1, 34, 38. Also before the Court is Respondent Stan Shepard's motion to dismiss the petition as untimely. Doc. 23. Because Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner has failed to establish adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DISMISSED**. In view of the recommendation to dismiss the petition as untimely, it is **FURTHER RECOMMENDED** that Petitioner's two pending motions be **DENIED** as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A grand jury in the Superior Court of Clarke County indicted Petitioner for three counts of malice murder, three counts of felony murder, one count of aggravated assault, and six counts of possession of a firearm during the commission of a crime. On August 5, 2011, Petitioner pled guilty but mentally ill pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). The Superior Court of Clarke County sentenced Petitioner to life imprisonment for each count of malice murder, to be served consecutively, twenty years imprisonment for one count of aggravated

assault, to be served consecutively, and five years imprisonment for three counts of possession of a firearm during the commission of a crime, to be served consecutively. The remaining counts merged for sentencing purposes.

Petitioner failed to file a timely notice of appeal of his convictions or sentences. On November 28, 2012, Petitioner filed his state habeas corpus petition in the Superior Court of Richmond County. Following an evidentiary hearing, the Superior Court of Richmond County entered a final order denying Petitioner's state habeas corpus petition on July 3, 2013. On October 21, 2013, the Georgia Supreme Court unanimously denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition.

On October 24, 2013, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief in the United States District Court for the Northern District of Georgia. After Petitioner's section 2254 petition was transferred to the United States District Court for the Middle District of Georgia, Respondent filed an answer and moved to dismiss the petition as untimely. Petitioner filed several pleadings in opposition to the motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal to the United States Supreme Court.

---

[1] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

2

Gonzalez v. Thaler, ___ U.S. ___ , 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. For all other petitioners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." Id. at 653-654.

In this case, Petitioner pled guilty but mentally ill on August 5, 2011. Pursuant to O.C.G.A. § 5–6–38(a), Petitioner had thirty days following his plea to file a notice of appeal. Petitioner failed to do so within the period allotted. Petitioner's time to seek direct review therefore expired, and his convictions became final on September 6, 2011.[2] Stated slightly differently, Petitioner's convictions became final when the thirty-day period for pursuing direct review in Georgia state courts expired because Petitioner never pursued his direct appeal all the way to the United States Supreme Court. See Gonzalez, 132 S.Ct. at 653-654; see also Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Because Petitioner's convictions became final on September 6, 2011, Petitioner had until September 6, 2012 to file his section 2254 petition in this Court. Petitioner did not execute his section 2254 petition until October 24, 2013, which is 413 days after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his federal habeas corpus petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for State post-conviction or other collateral review" in order to toll the one-year limitations period.

---

[2] According to Rule 11 of the Georgia Supreme Court's Rules and Rule 3 of the Georgia Court of Appeals' Rules, "[w]hen an expiration date falls on Saturday, Sunday, or an official state or national holiday, the time is extended to the next business day." Here, the original expiration date fell on Sunday, September 4, 2011, and the Labor Day holiday fell on Monday, September 5, 2011. As such, the next business day was Tuesday, September 6, 2011.

28 U.S.C. § 2244(d)(2); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for the Section 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Although Petitioner filed a *pro se* "direct timely appeal" in the Superior Court of Clarke County on July 30, 2012, this pleading does not amount to a properly filed application for state post-conviction or other collateral review because it was not filed "'in compliance with the applicable laws and rules governing filings,'" namely O.C.G.A. § 5–6–38(a). Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In fact, Petitioner did not file any properly filed application for state post-conviction or other collateral review until Petitioner filed his state habeas corpus petition in the Superior Court of Richmond County on November 28, 2012. Critically, however, the one-year limitations period for filing his section 2254 petition had elapsed on September 6, 2012. Therefore, by the time Petitioner submitted a properly filed application for state post-conviction or other collateral review, the one-year limitations period for filing his federal habeas corpus petition already had expired, meaning that there was no time left to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, ___ U.S. ___ , 130 S.Ct. 2549 (2010). Petitioner is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Hutchinson, 677 F.3d at 1100, quoting

4

Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies in his particular case. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

In this case, Petitioner has failed to plead sufficient facts to show that he exercised "reasonable diligence" in pursuing his rights and that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. In his various pleadings, Petitioner appears to acknowledge that his federal habeas corpus petition is untimely under the AEDPA, but Petitioner contends that he is entitled to equitable tolling not only because trial counsel did not inform him of the relevant deadlines, but also because he suffers from some sort of cognitive impairment or mental illness. None of the reasons proffered by Petitioner constitute one of the truly extraordinary circumstances to which the doctrine of equitable tolling would apply.

As to Petitioner's claim about his lack of knowledge about the relevant deadlines, "[p]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations" under the AEDPA. Outler v. United States, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007). As to Petitioner's claim about his cognitive impairment or mental illness, the mere contention that Petitioner suffers from mental incapacity, without more, is insufficient to justify equitable tolling. Lawrence v. Florida, 421 F.3d 1221, 1227 (11th Cir. 2005). Instead, Petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." Id. at 1226–1227. Petitioner has not done so here. Petitioner also has failed to satisfy his burden of showing that he diligently pursued his rights despite any alleged cognitive impairment or mental illness. See Doe v. United States, 469 Fed. Appx. 798, 800-801 (11th Cir. 2012); see also Myers v. Allen, 420 Fed. Appx. 924, 927–928 (11th Cir. 2011). Consequently, the record establishes that Petitioner has not shown adequate grounds to qualify for equitable tolling.

CONCLUSION

Because the record establishes that Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because the record also establishes that Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that Respondent's motion to dismiss (Doc. 23) be **GRANTED** and that the instant petition be **DISMISSED** as time-barred. In view of the recommendation to dismiss the petition as untimely, it is **FURTHER RECOMMENDED** that Petitioner's two pending motions (Docs. 34 and 38) be **DENIED** as moot.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is **ALSO RECOMMENDED** that the Court **DENY** a certificate of appealability in its final Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of April, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge